

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

April 14, 1971

Hon. O. F. Dent, Chairman
Texas Water Rights Commission
Sam Houston State Office Bldg.
Austin, Texas

Opinion No. M-836

Re: Validity of deferred
compensation and pen-
sion benefits for
certain executive
employees of the
Sabine River Authority.

Dear Judge Dent:

In your letter of March 31, 1971, you request an opinion of this office concerning the legal validity of the deferred compensation and pension plan of the Sabine River Authority for certain of its executive employees.

According to the plan, a copy of which you attached to your letter, the Authority will agree to set aside a special fund out of which they will pay deferred compensation to the executives after their retirement, or the Authority may create this fund by purchasing life insurance on the lives of the executives in sufficient face amount to provide the deferred compensation. The problem is whether this plan contravenes the constitutional provision contained in Sections 44, 51, 52 and 53 of Article III of the Constitution of Texas against gifts, grants, and gratuities.

We hold that such deferred compensation and pension plan does not contravene these constitutional provisions or any statute of Texas. It is first observed that although there is no appropriation for the contemplated expenditure, State Treasury funds are not to be utilized for the payment of the compensation to the executive employees of the municipality. Consequently, Article III, Section 44, Constitution of Texas, requiring a pre-existing law before any state money may be appropriated, is not applicable to the situation presented.

Although not paid to the executive immediately and directly, the funds are paid to a special fund for the ultimate use and benefit of the executive. The funds to be paid to a retired executive are not gratuities because he does not get them unless he works and performs executive services for the Authority and continues such work for at least five years. And he ultimately receives compensation only in proportion to the length of time he works. Friedman v. American Surety Co. of New York, 137 Tex. 149, 151 S.W.2d 570 (1941); Byrd v. City of Dallas, 118 Tex. 28, 6 S.W.2d 738 (1928); Attorney General's Opinion No. WW-215 (1957).

The Sabine River Authority (through its Board of Directors) has the authority and power to employ and fix the compensation for such executives and employees as are necessary to carry out the functions and duties of a water supply and control district. Art. XVI, Sec. 59, Tex. Const.; Art. 8280-133, Sec. 10 and 14 (n), V.C.S. And it has the authority to enter into such contracts and agreements as are necessary or convenient to carry out any of the powers granted by Article 8280-133. See Sec. 14(o) of this Article. Thus, if the Sabine River Authority decides to employ and compensate certain of its executives in accordance with the terms of the agreement heretofore outlined, this decision is within its power and authority.

### S U M M A R Y

The Sabine River Authority has the power and authority to enter into a deferred compensation and pension plan with its executive employees, and such deferred compensation, not payable out of State Treasury funds, is not a gift, grant, or gratuity of public funds within the meaning of Sections 44, 51, 52, or 53 of Article III of the Constitution of Texas.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

by

NOLA WHITE
First Assistant

Prepared by Richard W. Chote
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Ralph Rash
John Reeves
Jack Goodman
Joseph Sharpley

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant